IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GECHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 01742 |
| | ) | |
| v. | ) | The Hon. Nancy L. Maldonado |
| | ) | District Judge |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

The parties, by their respective undersigned counsel, and pursuant to this Court's July 18, 2023 Order (ECF No. 57), respectfully submit the following initial status report for reassigned cases:

**I.    The Nature of the Case**

   a.    Attorneys of record:

   1.    Attorneys of record for Plaintiff are Jon Loevy (Lead Attorney), Steve Art, Anand Swaminathan, Arthur Loevy, Locke Bowman, Sean Starr, Annie Prossnitz, and Isabella Aguilar of Loevy & Loevy.

   2.    Attorneys of record for Defendants Brendan McGuire and Hon. Michael Hood ("ASA Defendants") are Michael J. Czopkiewicz and Sean J. O'Callaghan of O'Mara & O'Callaghan.

   3.    Attorney of record for Cook County is Assistant State's Attorney David Adelman of the Cook County State's Attorney's Office.

   4.    Attorneys of record for the City of Chicago are Eileen E. Rosen, Theresa B.

1

Carney, Catherine M. Barber, Austin G. Rahe, Andrew J. Grill, Jessica L. Zehner, and Lauren Ferrise of Rock Fusco & Connelly, LLC

5. Attorneys of record for Defendant Guevara are Steven B. Borkan, Timothy P. Scahill, Graham P. Miller, Misha Itchhaporia, and Whitney N. Hutchinson of Borkan & Scahill, Ltd.

6. Attorneys of record for Defendants Pergande, Muzupappa, Rutherford, and Dickinson are James G. Sotos, Josh M. Engquist, Jeffrey Kivetz, Allison L. Romelfanger, Elizabeth R. Fleming, Kyle T. Christie, and Mark F. Smolens, o of The Sotos Law Firm, P.C.

b. <u>Basis for federal jurisdiction</u>: This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

c. <u>Nature of the claims</u>: Plaintiff alleges that the individual defendants (both those employed by the City of Chicago and those employed by the Cook County State's Attorney's Office) violated his constitutional rights, including his right to due process, when they caused him to be wrongly convicted and imprisoned for decades for a murder he did not commit. Plaintiff alleges further that the City of Chicago's policies and practices caused those violations of his constitutional rights committed by the individual police officer defendants. Plaintiff also claims that the Defendants committed state-law torts. Plaintiff seeks attorneys' fees and costs under 42 U.S.C. § 1988.

There are no counterclaims.

Defendant Cook County has filed an Answer to Plaintiff's Complaint, which includes thirteen affirmative defenses.

Plaintiff recently filed an Unopposed Motion to Appoint Special Representative for Deceased Defendants, (Dkt. 61), which was granted on July 31, 2023. (Dkt. 62). Plaintiff has indicated his intention to file an amended complaint naming the correct parties for the deceased defendants. The City Defendants anticipate responding to Plaintiff's Amended Complaint with an Answer and Affirmative Defenses.

d.  Relief sought: Plaintiff seeks compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against each of the individual Defendants, and any other relief this Court deems just and appropriate.

e.  Service: All parties have been served other than the special representatives for deceased Defendants Ernest Halvorsen and Frank Cappitelli. All Defendants have provided a waiver of service, with the exception of the deceased Defendants and the County. Ernest Halvorsen has been deceased since January 2020. Frank J. Cappitelli has been deceased since June 2016.

## II.  Discovery and Pending Motions

a.  Pending Motions and Briefing Schedule: On July 31, 2023, ASA Defendants filed their Motion to Dismiss Plaintiff's Complaint, or, Alternatively, for a More Definitive Statement. (Dkt. 64). On August 1, 2023, ASA Defendants became aware of Plaintiff's intent to file an Amended Complaint. Accordingly, once ASA Defendants receive Plaintiff's Amended Complaint, ASA Defendants will assess how to proceed with their Motion to Dismiss, including a proposed briefing schedule.

b.  Current Discovery Schedule: There is no current discovery schedule in place. The parties have different views as to an appropriate schedule, as set forth below.

Plaintiff's Position[1]:

(1) General type of discovery needed: fact and expert discovery into Plaintiff's individual claims, *Monell* claims, and damages will be necessary in this case.

(2) Rule 26(a)(1) disclosures: August 18, 2023

(3) First date to issue written discovery: August 18, 2023

(4) Fact discovery deadline: April 19, 2024

(5) Expert discovery:
Plaintiff's Rule 26(a)(2) disclosures on May 17, 2024; Defendants' Rule 26(a)(2) disclosures on June 21, 2024; Plaintiff's Rule 26(a)(2) rebuttal disclosures on July 5, 2024.

Defendants' Position[2]:

The Parties have not yet held a conference pursuant to Rule 26(f) and this Court has not yet ordered discovery. Nevertheless, on July 28, 2023, Plaintiff issued written discovery to Defendants. Defendants ask for written discovery to be stayed until all defendants have appeared. Further, based on Plaintiff's request to consolidate this matter with another matter (*see* Section

---

[1] Plaintiff's proposed dates for discovery are based on Plaintiff's counsel's experience in other pending litigation involving former Detective Guevara, causing Plaintiff's counsel to believe that much of the discovery into Defendant Guevara's other bad acts and the City's *Monell* liability on multiple theories of liability have already been completed in other cases. In Plaintiff's view, this means his case can be prepared more expeditiously for trial. Other judges in this district have entered scheduling orders denying the City's request to phase or delay *Monell* discovery in Guevara cases, consistent with Plaintiff's request in this case. *See Lugo v. Guevara, et al.,* No. 1:23-cv-1738, Dkt. 41 (rejecting phasing of discovery and setting fact discovery close date of 5/31/24); *Davila v. Guevara, et al.,* No. 1:23-cv-01739, Dkt. 34 (same, with fact discovery close date of 2/29/24); *Flores v. Guevara, et al.,* No. 1:23-cv-01736, Dkt. 37 ("Discovery will not be bifurcated as a general matter but that is without prejudice to particularized objections to the scope of *Monell* discovery. The court defers setting a close of fact discovery.")

[2] Defendants' proposed dates for discovery are based on its counsel's experience in other pending litigation involving former Detective Guevara. In fact, in another recently filed case pending before Magistrate Judge Harjani, the Court entered a scheduling order that mirrors the one proposed by Defendants here based on Magistrate Judge Harjani's experience in another pending Guevara-related case. *See Rodriguez v. Guevara, et al.,* 22 CV 6141 (Dkt. 68). In addition, *Monell* discovery has been staggered or deferred in *Abrego v. Guevara, et. al.* 23 CV 1740 (Dkt. 47), *Martinez v. Guevara, et. al.,* 23 CV 1740 (Dkt. 40) and *Rivera v. Guevara,* et. al., 23 CV 1743 (Dkt. 40).

4

V(a) below), Defendants request this Court to reserve setting a discovery schedule until all the Parties have appeared and until the Parties have conducted their conference pursuant to Rule 26(f).

(1) Should this Court prefer a proposed discovery schedule, Defendants propose the following: General type of discovery needed: fact and expert discovery into Plaintiff's individual claims, *Monell* claims, and damages;

(2) Rule 26(a)(1) disclosures: 30 days after all Parties have filed Answers to Plaintiff's Amended Complaint.

(3) First date to issue written discovery: August 18, 2023.

(4) Non-*Monell* Fact discovery deadline: August 1, 2024;

(5) *Monell* and expert discovery deadlines to be determined at a later time.

Defendant Cook County is not required to participate in discovery as it has been named as a nominal party for indemnification.

c. <u>Fact and Expert Discovery Progress</u>: Plaintiff has issued his initial discovery requests, including interrogatories and requests for production of documents. As indicated above, Defendants request that all written discovery be stayed. All non-*Monell, Monell,* and expert discovery needs to be completed. Plaintiff is already in possession of the substantial volume of Rule 404(b) and *Monell*-related material in this case, which Plaintiff's counsel has produced in prior Guevara cases. Plaintiff is in the process of designating those materials for use in this case and has already re-produced several hundred thousand pages of such documents. Plaintiff reserves the right to seek limited *Monell* discovery in this case but does not anticipate that *Monell*-specific discovery will be time-consuming in this matter.

d. <u>Substantive Rulings</u>: None at this time.

e. <u>Anticipated Motions</u>: Plaintiff does not anticipate filing any motions at this time. Defendants anticipate filing motions for summary judgement following completion of discovery.

**III.** <u>**Trial**</u>

    a.    <u>Jury Trial</u>: A jury trial is requested.

    b.    <u>Anticipated Trial Schedule</u>: The parties anticipate being ready for trial three months after summary judgment rulings.

    c.    <u>Pretrial Order</u>: The parties have not filed a final pretrial order. There is no deadline for filing one at this time.

    d.    <u>Estimated Trial Time</u>: The parties estimate trial in this case will take between 15 and 20 trial days.

**IV.**    **<u>Settlement, Referrals, and Consent</u>**

    a.    <u>Settlement Discussions</u>: Plaintiff provided the City with a settlement demand on July 5, 2023. The City has informed Plaintiff that the demand is being reviewed. Plaintiff plans to send a settlement letter to Cook County as well.

    b.    <u>Magistrate Judge Referral</u>: This case has not been referred to the magistrate judge for discovery supervision or a settlement conference.

    c.    <u>Settlement Conference Request</u>: Plaintiff is amenable to mediation with respect to his settlement demand to the City. The ASA Defendants are amenable to settlement negotiations and mediation. The City is amenable to a settlement conference with the Magistrate Judge, but is not amenable to private mediation.

    d.    <u>Proceed Before Magistrate Judge</u>: The parties do not agree to consent to proceed before a magistrate judge at this time.

**V.**    **<u>Other</u>**

    a.    <u>Plaintiff's Additional Matters</u>: When he filed this case, Plaintiff noted that this case is related to *Richard Kwil v. Reynaldo Guevara*, 23-CV-4279. Plaintiff and Mr. Kwil were co-

defendants in the underlying criminal case that resulted in their wrongful convictions. They share named defendants, legal claims, witnesses, and other related fact discovery matters. To promote judicial efficiency and save costs, Plaintiff believes that consolidation of the two cases for purposes of discovery would be appropriate.

      b.     <u>Defendants' Additional Matters</u>: The City Defendants' Answers to Plaintiff's Complaint were due on July 31, 2023, however, in light of the Plaintiff's upcoming Amended Complaint, the Parties have agreed that the City Defendants would forego answering the current Complaint since it will soon be a mooted Complaint. ASA Defendants were not informed of Plaintiff's intent to file an Amended Complaint until August 1, 2023, the day after they filed their Motion to Dismiss.

This is the first time Plaintiff has requested to consolidate discovery in these two matters. Before Defendants can take a position, Defendants need to confer with counsel to determine the scope of the requested consolidation. Defendants will confer with Plaintiff regarding Plaintiff's request for consolidation of discovery during the Rule 26(f) conference.

DATED: August 1, 2023

/s/ Isabella Aguilar
*Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steven Art
Locke E. Bowman
Sean Starr
Annie Prossnitz
Isabella Aguilar
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
aguilar@loevy.com

Respectfully submitted,

/s/ *Josh M. Engquist*
Special Assistant Corporation Counsel
*Counsel for Pergande, Muzupappa, Rutherford, and Dickinson*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Elizabeth R. Fleming
Kyle T. Christie
Mark F. Smolens
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
jengquist@jsotoslaw.com

/s/ *Eileen E. Rosen*
*Counsel for the City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Jessica Zehner
Andrew J. Grill
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

/s/ *Michael J. Czopkiewicz*
*Counsel for Defendants Brendan McGuire and Michael Hood*

Michael Czopkiewicz
Sean Joseph O'Callaghan
O'Mara & O'Callaghan
230 W. Monroe Street
Suite 2620
Chicago, IL 60606
(312) 600-5588
Michael.C@o2lawyers.com

8

| | |
|---|---|
| /s/ *David A. Adelman* <br> *Counsel for Defendant Cook County* | /s/ *Misha Itchhaporia* <br> *Counsel for Defendant Guevara* |
| David A. Adelman <br> Cook County State's Attorney's Office – <br> Civil Actions Bureau <br> 500 Richard J. Daley Center <br> Chicago, IL 60602 <br> (312) 603-3151 <br> David.Adelman@cookcountyil.gov | Steve B. Borkan <br> Timothy P. Scahill <br> Misha Itchhaporia <br> Whitney Hutchinson <br> Molly Boekeloo <br> Borkan & Scahill Ltd., <br> 20 S. Clark St. Suite 1700 <br> Chicago, IL 60603 <br> (312) 580-1030 <br> mitchhaporia@borkanscahill.com |

**CERTIFICATE OF SERVICE**

   I, Isabella Aguilar, an attorney, certify that on August 1, 2023, I filed the foregoing INITIAL REASSIGNED STATUS REPORT using the Court's CM/ECF system, which effected service on all counsel of record.

                /s/  Isabella Aguilar
                *One of Plaintiff's Attorneys*