**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DAVID GECHT, | ) | |
| | ) | Case No. 23 C 01742 |
| Plaintiff, | ) | |
| | ) | The Hon. Nancy L. Maldonado |
| v. | ) | United States District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR A FINDING OF RELATEDNESS
AND FOR REASSIGNMENT OF RELATED CASE TO THIS COURT'S DOCKET**

Plaintiff David Gecht, by his undersigned attorneys, respectfully moves this Court for entry of an order pursuant to Local Rule 40.4 finding that this case is related to *Kwil v. Guevara*, No. 23-cv-04279 and reassigning the *Kwil* case to this court's docket. In support, Plaintiff states:

1.       Plaintiff seeks a finding of relatedness and the reassignment of *Kwil v. Guevara*, No. 23-cv-04279, currently pending on the docket of Judge Durkin, to this court. The two cases grow out of the same transaction or occurrence and involve some of the same issues of fact or law and therefore meet the definition of "related cases" set forth in LR 40.4(a)(2-3).

2.       Plaintiff alleges claims against Reynaldo Guevara, six other former Chicago Police Officers and two Assistant State's Attorneys for their role in Plaintiff's wrongful conviction for the murder of the 1999 shooting death of Roberto Cruz. Plaintiff's First Amended Complaint alleges that Guevara and the other police officer defendants failed to follow obvious leads as to the true perpetrators of the murder. ECF No. 69, ¶¶ 34-40. The complaint alleges that defendants coercively interrogated Plaintiff over the course of many hours and forced him to confess the murder, even though he was completely innocent. ECF No. 69, ¶¶ 41-58. The

complaint alleges that the ASA defendants were direct participants in the coercion. *Id.,* ¶¶ 41, 54, 57. The complaint asserts that the defendants obtained an interlocking confession from Richard Kwil and that the defendants fabricated and coerced a false eyewitness account from Colleen Miller. *Id.,* ¶¶ 59-77. With no other evidence, the defendants charged Plaintiff with the Cruz murder. He was convicted and spent decades in prison before the false charges were finally dismissed. *Id.,* ¶¶ 3-5, 14. A copy of Plaintiff's First Amended Complaint is attached as Ex. A.

3.     Richard Kwil, Plaintiff's co-defendant in the underlying criminal case, was wrongfully convicted along with Plaintiff for the Cruz murder. On the same day that Plaintiff filed this case, Mr. Kwil also filed a civil rights case based on Mr. Kwil's wrongful conviction. That case is currently pending on the docket of Judge Durkin. *See Kwil v. Guevara*, No. 23-cv-04279 (N.D. Ill.). A copy of Mr. Kwil's complaint is attached as Ex. B. Plaintiff's case was filed moments before Mr. Kwil's case. Therefore, Plaintiff's case has the lower docket number.

4.     Mr. Kwil's claims are asserted against the identical police officer and ASA defendants. *Compare* ECF No. 69, ¶¶ 21-25 *with Kwil,* ECF No. 1, ¶¶ 18-21. The *Kwil* complaint alleges the identical set of investigative misconduct—Mr. Kwil's coerced, false confession; Plaintiff's coerced false confession; the coerced and fabricated statement of Colleen Miller—as is alleged in Plaintiff's complaint. *Compare* ECF No. 69, ¶¶ 34-77 *with Kwil,* ECF No. 1, ¶¶ 30-68.

5.     Plaintiff's case and the *Kwil* case will involve the same theories of *Monell* liability against the City of Chicago. Both will involve the same set of Rule 404(b) evidence against Defendant Guevara and the other police officer defendants. *Compare* ECF No. 69, ¶¶ 97-134 *with Kwil,* ECF No. 1, ¶¶ 86-123.

6. The legal claims in this case and the *Kwil* case are identical. *Compare* ECF No. 69, ¶¶ 135-214 with *Kwil,* ECF No. 1, ¶¶ 124-203, Thus, there is no doubt that the two cases are related within the definition in the Local Rule.

7. There is also no question that the conditions for reassignment set forth in LR 40.4(b) are satisfied. *First,* both this case and the *Kwil* case are pending in this Court. *Second,* the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. There is complete factual overlap between the two cases. Every discovery issue, case management issue and most, if not all, of the substantive legal issues in the two cases will involve the same considerations. Having the same judge address these issues for the purposes of both cases will obviously result in a substantial saving of judicial time and effort. *Third,* this case (the lower numbered case) has not progressed to the point where designating the *Kwil* case as related would be likely to delay the proceedings in the earlier case substantially. Both cases were filed in early July 2023 and discovery has not gotten underway in either case. *Fourth,* for all the reasons described above, this case and the *Kwil* case are susceptible of disposition in a single proceeding.

8. Plaintiff recognizes that motions for reassignment are ordinarily not filed until after responsive pleadings have been filed in both cases. *See* LR 40.4. The reason for that general rule is to enable all parties to respond as to the questions of relatedness and reassignment. Here, although responsive pleadings are not yet on file in *Kwil*, the same set of lawyers have appeared for the defendants in both cases and the merits of this motion can be fairly addressed on behalf of all parties at this time. This is a situation where a relatedness finding and reassignment is non-controversial and should be ordered without delay.

WHEREFORE, Plaintiff David Gecht respectfully that this Court enter an order pursuant to Local Rule 40.4 finding that this case is related to *Kwil v. Guevara*, No. 23-cv-04279 and reassigning the *Kwil* case to this court's docket.

Respectfully submitted,

**DAVID GECHT**

By:   /s/ Locke E. Bowman
*One of Plaintiff's attorneys*

Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Locke E. Bowman
Annie Prossnitz
Isabella Aguilar
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
locke@loevy.com

**CERTIFICATE OF SERVICE**

I, Locke E. Bowman, an attorney, certify that on August 21, 2023, I filed the foregoing PLAINTIFF'S MOTION FOR A FINDING OF RELATENNESS AND FOR REASSIGNMENT OF RELATED CASE TO THIS COURT'S DOCKET using the Court's CM/ECF system, which effected service on all counsel of record.


/s/ Locke Bowman
*One of Plaintiff's Attorneys*

5