IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GECHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 2023 CV 01742 |
| ) | |
| REYNALDO GUEVARA, GERI LYNN ) | Hon. Nancy L. Maldonado, District Judge |
| YANOW, as special representative of ) | |
| the ESTATE OF ERNEST HALVORSEN ) | |
| ALAN PERGANDE, MICHAEL ) | |
| MUZUPAPPA, ROBERT RUTHERFORD, ) | |
| EDWIN DICKINSON, KEVIN ROGERS, ) | |
| as special representative of the ESTATE ) | |
| OF FRANCIS CAPPITELLI, the CITY OF ) | |
| CHICAGO, BRENDAN MAGUIRE, ) | |
| MICHAEL HOOD, and COOK COUNTY, ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' JOINT MOTION FOR CONSOLIDATION**

NOW COME Defendants, through their respective undersigned counsel, and pursuant to Fed. R. Civ. P. 42 move to consolidate the above-captioned case with *Kwil v Reynaldo Guevara*, 23-CV-4279, currently pending in this District before Judge Thomas Durkin through discovery and for trial, and in support thereof, state the following:

**INTRODUCTION**

This case should be consolidated for all purposes with *Kwil v Guevara, et al.*, 23-CV-4279 under Fed. R. Civ. P. 42(a) and not simply re-assigned to this Court's docket under Local Rule 40.4 as sought by Plaintiff in his Motion For A Finding Of Relatedness And For Reassignment Of Related Case To This Court's Docket. All parties appear to agree that the factors supporting consolidation exist in this case. In Plaintiff's Motion, Plaintiff concedes all substantive elements necessary to grant this Motion.

1

Indeed, in the parties' August 1, 2023, Joint Status Report, Plaintiff suggested that "consolidation" for at least discovery was appropriate in this case. However, for reasons that remain unclear to Defendants, Plaintiff opposes consolidation of these cases.

Consolidation for all purposes is appropriate under Fed. R. Civ. P. 42. because it promotes efficiency and protects against inconsistent findings in these cases. Accordingly, for the reasons set forth below, the *Gecht* case should be formally consolidated for all purposes with the *Kwil*

## PROCEDURAL HISTORY AND RELEVANT ALLEGATIONS

This case ("*Gecht*") and *Kwil v Guevara, et a*l., 23-CV-4279, pending before Judge Durkin ("*Kwil*") are virtually identical lawsuits currently assigned to separate judges. Both David Gecht and Richard Kwil allege the same Chicago Police Officers and Assistant States's Attorneys violated their constitutional rights when they were questioned, coerced, charged and later convicted of the 1999 murder of Roberto Cruz. Both cases arise from the exact same occurrences – the Plaintiffs' arrests, prosecutions, convictions and reversals of those convictions for the same murder. *See* Ex. 1 (Gecht's Second Amended Complaint); Ex. 2 (Kwil's First Amended Complaint). The alleged facts and legal claims against the Defendants are entirely identical and rely on essentially the identical body of evidence and witnesses.

On August 1, 2023, the parties in *Gecht* filed an initial joint status report. Dckt. 67. In the joint status report, counsel for Plaintiff noted "this case was related to *Richard Kwil v Reynaldo Guevara*, 23-cv-4279" and that both cases "share named defendants, legal claims, witnesses and other related fact discovery matters." *Id.* at 7. Counsel for Plaintiff specifically stated in the joint status report, "to promote judicial efficiency and save costs, Plaintiff believes that *consolidation* of the two cases for purposes of discovery would be appropriate." *Id.* (emphasis added). Defendants reported in the joint status report that this was the first time Plaintiff raised consolidation and that it was necessary for

2

them to confer with Counsel for Plaintiff about the scope of the requested consolidation before they could take a position. *Id.*

Shortly thereafter, and without conferring with Defendants, Plaintiff filed his motion for reassignment based on relatedness of the two cases (hereinafter "Plaintiff's Motion"). Dckt. 87. When Defendants inquired if Plaintiff intended for the cases to be consolidated, and not just reassigned, given Plaintiff's representations in the joint status report, counsel for Plaintiff claimed it was not necessary, at this time, for the Court to address consolidation of the two cases for purposes. Ex. 3 (8/22/23 Bowman Correspondence to Itchhaporia). Counsel for Plaintiff explained the "motion merely seeks reassignment under the Local Rule in the expectation that reassignment will enable combined discovery in the two cases." *Id.*

Plaintiff has not articulated any reason why the cases cannot be consolidated for all purposes. There is no question all conditions for consolidation are satisfied here because Gecht and Kwil have virtually identical complaints seeking relief from the same defendants for the same alleged police misconduct and all other relevant factors favor consolidation.

Plaintiff's Motion requests that the Court find the two cases are related as they "grow out of the same transaction or occurrence and involve same of the same issues of fact or law" and involve "the same theories of *Monell* liability against the City of Chicago." Dckt. 87 at ¶¶ 1, 5. Furthermore, Plaintiff requests the *Kwil* case should be reassigned to the Court in the *Gecht* matter because having the same judge on both cases will result in a "substantial saving of judicial time and effort" and that both cases are "susceptible of disposition in a single proceeding." *Id.* at 7. Despite claiming that all elements for a finding of relatedness and reassignment are present, Plaintiff opposes consolidation of the two cases under Rule 42. Ex. 3 (8/22/23 Bowman Correspondence to Itchhaporia). Nonetheless, as there is no dispute that there are identical claims and facts, which are central to both cases, Defendants request that this Court consolidate the two cases for all purposes, including trial.

## **LEGAL STANDARD**

Consolidation of civil cases is governed by Fed. R. Civ. P. 42. *See* Fed. R. Civ. P. 42. This Rule provides, in pertinent part:

If actions before the court involve a common question of law or fact, the court may:

    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay. *Id.*

A district court possesses "broad discretion" in deciding whether to consolidate cases for discovery and trial. *See Am. Photocopy Equip. Co. v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D.Ill. 1963). Federal Rule of Civil Procedure 42(a) allows courts to consolidate cases if the actions involve a common question of law or fact, a procedure born from the need for judicial economy and efficiency that is followed by the Seventh Circuit. *See Blair v. Equifax Check Servs.,* 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single Judge.") Likewise, Rule 42(a) is "designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Id.* at 6. "In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party." *Sylverne, v. Data Search N.Y. Inc.*, 2008 WL 4686163, * 1 (N.D. Ill. 2008). Consolidation can also be ordered when there is a risk of inconsistent rulings. *Westfield Ins. Co. v. Indem. Ins. Co. of N. Am.*, 2017 WL 7803676, * 2 (C.D.Ill. 2017).

Reassignment under Local Rule 40.4 involves similar considerations, but the governing test is slightly different than that for consolidation under Fed. R. Civ. P. 42. Under L.R. 40.4(a), two civil cases are "related" if one or more of the following conditions are met: 1) the cases involve the same property; 2) the cases involve the same issues of fact or law; 3) the cases grow out of the same

4

transaction or occurrence. If two cases are "related," the later-numbered case can be reassigned under L.R. 40.4(b) to the calendar of the judge hearing the earlier-numbered case if each of the following criteria is met: 1) both cases are pending in the same court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible for disposition in a single proceeding. L.R. 40.4(b) "requires more stringent criteria for the case to qualify for reassignment" than consolidation. *Williams v. Walsh Const.*, 2007 WL 178309, * 1 (N.D.Ill. 2007).

## ARGUMENT

**I.       Consolidation is proper because common questions of law and fact predominate in both cases.**

There is nearly complete commonality between the alleged facts in *Gecht's* Second Amended Complaint and the alleged facts in *Kwil's* First Amended Complaint. Both lawsuits stem from the 1999 murder of Roberto Cruz. They both claim Defendants ignored leads that would have led to the actual perpetrators of the murder. Ex. 1 at ¶¶ 34-40; Ex. 2 at ¶¶ 30-36.

Both Gecht and Kwil allege the same facts as to how they came to confess to their involvement in the murder. They both claim they were coercively interrogated over the course of many hours and fed facts about the murder. Ex. 1 at ¶¶ 43-44, 49-51; Ex. 2 at ¶¶ 38, 43. They both claim the same Defendant Officers and ASA Defendants were present and actively participated in their alleged coercive interrogations. Ex. 1 at ¶ 7; Ex. 2 at ¶ 48. Gecht alleges the statement he gave to ASA Maguire was based on the facts fed to him by Defendant Officers and that he confessed to shooting Cruz with the assistance of Kwil and a third individual, Ruben. Ex. 1 at. ¶ 54. Similarly, Kwil claims that he too "parroted the facts he had been fed by the Police Officer Defendants" and he also gave a statement claiming that Gecht committed the crime and that he and Ruben assisted Gecht. Ex. 2 at ¶ 46.

5

Both Plaintiffs rely on the same claims concerning certain non-party witnesses. They both allege that an interlocking false confession implicating them in the murder was obtained by the Defendants from Ruben. Ex. 1 at ¶ 67-69; Ex. 2 at ¶ 53-54. Additionally, they both allege the Defendants coerced Gecht's then pregnant girlfriend, Colleen Miller, by threatening to take her unborn child away from her to give a fabricated statement in which she claimed Gecht confessed to her about his involvement in the Cruz murder. Ex. 1 at ¶ 77-80; Ex. 2 at ¶ 68-68-71. It comes as no surprise that even Plaintiff recognizes the "Kwil complaint alleges the same identical set of investigative misconduct – Mr. Kwil's coerced, false confession; Plaintiff's coerced false confession; the coerced and fabricated statement of Colleen Miller – as is alleged in [Gecht's] complaint." Dckt. 87 at ¶ 4. Both cases will also involve the "same set of Rule 404(b) evidence" against Defendant Officers. *Id.* at 5.

Both Gecht and Kwil allege their constitutional violations were caused by the same following practices of the Chicago Police Department: failing to record investigative information in police reports, failing to maintain proper investigative files, failing to disclose investigative materials to prosecutors and criminal defendants, falsifying statement and testimony of witnesses, fabricating false evidence implicating criminal defendants in criminal conduct, failing to preserve or maintain evidence or destroy evidence and pursue convictions through flawed investigations. Ex. 1 at ¶ 191; Ex. 2 at ¶ 180.

Finally, the legal claims in both cases are identical and so there is "no doubt that the two cases are related within the definition in the Local Rule." Dckt. 87 at ¶ 6. Plaintiff concedes that the two cases are related so there is no dispute that both cases have a common question of law and fact; thereby, meeting the requirements for consolidation. *See Brunner v. Jimmy John's LLC*, 2016 WL 7232560, * 1 (N.D.Ill. 2016) (finding consolidation warranted in case involving FLSA claims for unpaid overtime "based on highly similar allegations."). As L.R. 40.4(b) requires more stringent criteria

6

for the case to qualify for reassignment than for consolidation, and because Plaintiff advocates for reassignment because the cases are related, then there can be no question that the cases are ripe for consolidation. *See Washington v. Boudreau*, 2023 WL 184239, * 3 (N.D.Ill. 2023) (finding consolidation for trial was warranted given the considerable overlap in facts between both cases, and the significant benefits to be gained by scheduling one trial.); *see also Serrano v. Guevara,* No. 17 CV 2869, *Montanez v. Guevara*, No. 17 CV 4560 (N.D.Ill. June 23, 2021) (order granting consolidation for trial in cases with similar facts to *Gecht* and *Kwil*); *Negron v. Guevara*, No. 18 CV 2701, *Almodovar v. Guevara*, No. 18 CV 2341 (N.D.Ill. Aug. 2. 2018) (finding reassignment was appropriate as cases were related, and also consolidating cases for all pretrial proceedings).

**II.      Consolidation is warranted to promote convenience and judicial economy.**

Efficiency interests provide the most important basis for consolidation for all purposes and outweigh any alleged prejudice to Plaintiffs. *Washington*, 2023 WL 184239, * 3. "These efficiency benefits include[e] "calling the common witness to testify only once, impaneling one jury; consistent jury instructions, evidentiary rulings and trial conditions; [and] no arguments regarding issue preclusion." *Id.* Here all the parties agree that consolidation will promote judicial efficiency as "every discovery issue" and "substantive legal issues" in both cases "will involve the same considerations." Dckt. 87 at ¶ 7. As Plaintiff acknowledged "[h]aving the same judge address these issues for the purposes of both cases will obviously result in a substantial saving of judicial time and effort." *Id.*

Consolidation of these cases for all purposes will prevent duplicative discovery in separate actions, avoid unnecessary taxation on the Court's (and parties') time by addressing identical and overlapping factual issues and motions, avoid excessive expenses and costs to the parties from duplicative discovery efforts, and avoids inconsistent results. As both cases involve identical parties, witnesses, the same questions of law and fact, have progressed at the same rate and are susceptible of

disposition in a single proceeding, neither Plaintiff can show undue prejudice here. There is simply no basis not to consolidate both actions for all purposes.

Indeed, the opposite is true. While there may be some minimal benefit in reassignment of these cases to this Court, anything short of formal consolidation will not satisfy the central aims of either Rule 42 or Local Rule 40.4. The cases would still proceed separately and on their own tracks with respect to applicable deadlines. Discovery would not be officially consolidated but proceed piecemeal with the potential for duplicative or redundant depositions. Summary judgment and discovery rulings would be addressed separately or at different times leading to the possibility of inconsistent rulings or duplicative work by the court and parties. And, of course, separate trials would result in the strong possibility of inconsistent judgment or findings by the ultimate trier of fact. Simply stated, there is little to be gained by reassigning these cases to this Court if the cases are not consolidated under Rule 42 for all purposes. As referenced above, this track is historically almost always the ultimate procedural disposition of cases such as this where two plaintiffs sue the same set of defendants relating to the same criminal incident and set of prosecutions. This Court should follow suit so that the parties can litigate these two cases in the most efficient and consistent manner possible.

In sum, consolidation is proper and warranted under Fed. R. Civ. Pro. 42(a) and comports with Rule 1 of the Federal Rules of Civil Procedure, which directs litigants to "secure the just, speedy and inexpensive determination of every action and proceeding."

WHEREFORE, Defendants respectfully requests that *Richard Kwil v. Guevara, et al.*, 23 CV 4279 be consolidated with this case and for any other relief this Court deems appropriate or just.

Respectfully submitted,

By: /s/ *Misha Itchhaporia*
Special Assistant Corporation Counsel
Timothy P. Scahill
Steven B. Borkan
Misha Itchhaporia
Whitney Hutchinson
Molly Boekeloo
Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Reynaldo Guevara*

By: /s/ *Josh M. Engquist*
Special Assistant Corporation Counsel
James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Elizabeth R. Fleming
Kyle T. Christie
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
*Attorneys for Defendants Alan Pergande,
Michael Muzupappa, Robert Rutherford,
Edwin Dickinson, Geri Lynn Yanow,
as special representative for Ernest Halvorsen,
deceased, and Kevin Rogers, as special
representative for Francis Cappitelli, deceased.*

By: /s/ *Eileen E. Rosen*
Special Assistant Corporation Counsel
Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 W. Wacker 19th Floor
Chicago, Illinois 60606
(312) 494-1000
*Attorneys for Defendant City of Chicago*

By:/s/ *Sean O'Callaghan*
Sean O'Callaghan
Michael J. Czopkiewicz
O'Mara & O'Callaghan, LLC
230 W. Monroe, Suite 2620
Chicago, IL 60606
(312) 600-5588
*Attorneys for ASA Defendants, Hon. Michael J.
Hood, Brendan McGuire*

9