IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GECHT, | ) | |
| | ) | |
| | ) | Case No. 23 C 01742 |
| Plaintiff, | ) | |
| | ) | The Hon. Nancy L. Maldonado |
| v. | ) | United States District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE CASES FOR TRIAL**

The Defendants have responded to Plaintiff's motion for a finding of relatedness and reassignment of the *Kwil* case to this Court's docket with a competing motion to consolidate this matter and *Kwil* for all purposes, including trial. ECF No. 100. No party disputes the wisdom of conducting joint discovery in this case and *Kwil*—and Plaintiff does not oppose consolidation for that purpose. But it is premature and unnecessary to decide now whether there should be a joint *trial* of the two cases. The Defendants' motion for consolidation for all purposes should be denied to that extent.

The obvious savings of time and resources that would be achieved through a consolidated discovery process in this case and *Kwil* should not dictate a decision at this time that both cases should be decided by the same jury in a common trial. Both Plaintiff and Mr. Kwil were railroaded and framed as part of a common course of conduct, to be sure. But their cases are not identical. The defendants' "evidence" as to the guilt of Plaintiff and Mr. Kwil is not the same. The presentations that Plaintiff and Mr. Kwil will make as to their damages will be unique and

their damages claims will be far from identical. The extent and significance of these differences will become more apparent over the course of discovery.

There is no cost to simply wait until the close of discovery to decide whether there should be one or two trials. Discovery will proceed on a consolidated basis in either event. There is precedent for deferring the issue of trial consolidation until after the close of discovery. For example, in 2018, four plaintiffs filed four separate lawsuits arising from the plaintiffs' wrongful convictions for a Marquette Park double homicide, *Ezell v. City of Chicago,* No. 18 cv 1049; *Johnson v. Cassidy,* no 18 cv 1062; *Styles v. City of Chicago,* No. 18 cv 1053; and *McCoy v. City of Chicago,* No. 18 cv 1063. Early in the litigation, on May 16, 2018, Judge Kendall ordered that the four cases be consolidated for purposes of discovery and filing dispositive motions. *See* 5/16/18 Order, ECF No. 39 on the *Ezell* docket (Ex. A hereto). It was not until April 2022—nearly four years later and after the close of fact discovery—that Judge Kendall, after receiving briefs on the issue and hearing argument from the parties, consolidated the cases for all purposes, including trial. *See* 4/6/22 Order, ECF No. 317 on the *Ezell* docket (Ex. B hereto).

Judge Kendall's sensible approach should be applied here. This case and *Kwil* can be consolidated now for discovery purposes, achieving every possible efficiency. The question of consolidation can be addressed later when there is a fuller record.

## CONCLUSION

For the foregoing reasons, this Court should enter an order denying the Defendants' motion to consolidate this case and *Kwil* only to the extent that motion seeks consolidation of the cases for purposes of trial.

Respectfully submitted,

**DAVID GECHT**

By:/s/ Locke E. Bowman
*Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art
Locke Bowman
Isabella Aguilar
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
aguilar@loevy.com

## **CERTIFICATE OF SERVICE**

I, Locke E. Bowman, an attorney, hereby certify that on September 8, 2023, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Locke E. Bowman
*One of Plaintiff's Attorneys*