**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID GECHT, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-01742 |
| v. | ) ) ) | Hon. Lindsay C. Jenkins United States District Judge Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.,* | ) ) ) | |
| Defendants. | ) | |
| RICHARD KWIL, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-04279 |
| v. | ) ) ) | Hon. Lindsay C. Jenkins United States District Judge Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.,* | ) ) ) | |
| Defendants. | ) | |
| RUBEN HERNANDEZ, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 23-cv-15375 |
| v. | ) ) ) | Hon. Lindsay C. Jenkins United States District Judge Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) ) ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

The Parties, by their respective undersigned counsel, and pursuant to this Court's July 31, 2024, Minute Entry (Dkt. 163),[1] respectfully submit the following joint status report for the three above-captioned consolidated cases:

## I. Motions to Dismiss and Amended Pleadings

On September 26, 2024, this Court entered memorandum opinions and orders relating to the motion to dismiss Plaintiffs' operative complaints filed by ASA Defendants McGuire and Hood and Defendant Cook County (collectively "County Defendants"). *Gecht* Dkt. 171-72; *Kwil* Dkt. 96-97; *Hernandez* Dkt. 79-80. The Court dismissed with prejudice Plaintiffs Gecht's, Kwil's and Hernandez's claims of failure to intervene and their claims of malicious prosecution and unlawful detention under the Fourteenth Amendment. *Id.* Further, the Court: (i) dismissed without prejudice all of Plaintiffs Gecht's and Kwil's remaining federal law claims against both ASA Defendants; (ii) dismissed without prejudice all of Plaintiff Hernandez's federal law claims against ASA Defendant Hood; and (iii) dismissed without prejudice all of Plaintiff Hernandez's claims against ASA Defendant McGuire, except for the claims of fabrication of evidence and coerced confession, which remain at this time. *Id.* For all of the claims dismissed without prejudice, Plaintiffs were granted leave to replead by October 14, 2024, with Defendants' answer and/or responsive pleading due by October 28, 2024. *Id.*

Plaintiff Hernandez intends to amend his Complaint in response to the Court's decision.

## II. Discovery Schedule

Fact discovery is currently to be completed by 09/30/2024. Dkt. 126. Because of the outstanding written and oral discovery Defendants have filed a partially opposed motion for

---

[1] Unless otherwise stated, the Parties will use the docket entries in the above-referenced *Gecht* matter.

1

extension of this deadline. Dkt. 173. The motion sets forth the parties' progress on discovery including depositions completed, scheduled, and those that are anticipated. *Id.* Defendants are seeking a six-month extension and Plaintiffs are requesting a ninety-day, or three-month, extension. *Id.*

### III. Written Discovery

#### (1) ESI Protocol & File Inspection

On August 22, 2024, counsel for the City and members of Plaintiffs Gecht's and Kwil's legal team discussed ESI issues across multiple pending Guevara-related cases to come up with a global solution to ESI discovery. Those conversations are ongoing. Further, on August 26, 2024, Plaintiffs served a request to inspect on the City, seeking to inspect the Investigative File and RD File associated with the underlying criminal investigation. The City responded on September 28, 2024, to said request and agreed to an inspection on a mutually agreeable date across multiple Guevara-related cases and the Parties are currently holding October 7, 2024 as an inspection date.

Counsel for Plaintiffs Gecht and Kwil are also engaged in discussions on Rule 30(b)(6) depositions in another Guevara-related case, *Gonzalez v. Guevara*, et al. No. 22-6496 (N.D. Ill.), and in a Rule 37.2 conference in *Gonzalez* last week, counsel for Plaintiffs told counsel for the City we intended to conduct a Rule 30(b)(6) deposition across cases. It is Plaintiff Gecht and Kwil's expectation that counsel will be able to conduct a Rule 30(b)(6) deposition in all cases at once. The City agrees that Plaintiff Gecht and Kwil's counsel is engaged in 30(b)(6) negotiations in the matter of *Gonzalez v. Guevara,* but the City is unclear as to how those discussions are relevant to Plaintiffs Gecht and Kwil. To date there have been no discussions about 30(b)(6) testimony in this case. That being said, the City is willing to confer with Plaintiffs Gecht and Kwil on this issue.

**(2) Rule 37.2 Correspondence**

On April 4, 2024, Plaintiffs Gecht and Kwil propounded a Rule 37.2 Letter on the City and Individual Officer Defendants regarding their discovery responses. Counsel for Plaintiffs Gecht and Kwil conferred with counsel for Individual Officer Defendants on August 13, 2024, and the Individual Officer Defendants have supplemented their discovery requests. The City supplemented its production on August 23, 2024. Counsel for Plaintiffs Gecht and Kwil conferred with counsel for the City on September 3, 2024. The City again supplemented its production on September 11, 2024. On September 16, 2024, counsel for Plaintiffs Gecht and Kwil memorialized that conferral, and asked for supplemental production and responses to concerns outlined in the letter by September 20, 2024. The City has not supplemented its production or responded to the September 16 email. The City is reviewing Plaintiff's correspondence and will continue to supplement as responsive documents become available.

**(3) Other matters**

The Parties have engaged in discussions with the Cook County States Attorney's Office ("CCSAO") regarding issues with redacted and/or withheld documents in the CCSAO production pursuant to subpoenas in this matter. Plaintiffs seek unredacted Felony Review folders/notes. Defendants anticipate that there will be motion practice with regards to these issues.

**IV. Oral Discovery**

Defendants' joint partially opposed Motion to Extend Fact Discovery sets forth the depositions completed, scheduled, and those that are anticipated. Dkt. 173. However, the Parties provide the following additional report on the status of oral discovery:

- The Parties have taken the depositions of Defendants Guevara, Muzupappa, and Pergande, and of third-party officer Weyland.

3

- The Parties have scheduled the depositions of Defendant Rutherford, Defendant Dickinson, Plaintiffs Gecht, Kwil, and Hernandez, third-party officers Kischner, Velasquez, and Troche, and third parties Benjamin DeJesus and Rosemary Gecht.
- Defendants stated on July 1 that they were ready to provide a date for third-party officer Montilla, and Plaintiffs await a proposed date. Counsel for the Defendant Officers are continuing to work to coordinate Detective Montilla's deposition and should have proposed dates for Detective Montilla to Plaintiffs by the end of the week.
- Plaintiffs have noticed and served the depositions of third-party witnesses Melissa Rivera, Colleen Miller, Jorge Shapiama, and Wilfredo Rosa. Plaintiffs are still working to find dates for these anticipated depositions.
- Plaintiffs Gecht and Kwil have noticed the depositions of Defendants Brendan McGuire and Michael Hood, and have noticed and served third-party former ASAs Ann Scrivner and Brian Suth.
    - Plaintiffs await proposed dates for these depositions. ASA Defendants McGuire and Hood remain as defendants in the *Hernandez* matter, and Plaintiffs Gecht and Kwil still intend to take the depositions of both Mr. Hood and McGuire. Plaintiffs prefer to schedule these depositions now, as Plaintiffs indicate that the Federal Rules do not provide a reason to delay the depositions of these individuals. See Fed. R. Civ. P. 26 (d)(3) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.").
    - It is Defendants' position that this incident occurred over 25 years ago. At this time, the CCSAO has failed to provide the parties with records vital to refreshing the recollection of both the ASA Defendants (felony review) and the trial ASAs that Plaintiffs seek to depose, including the felony review folders, notes and photo-arrays. To save time and costs to all parties and the third-party ASAs, and to avoid even further motion practice, it is Defendants' position that the parties should resolve the issues with the CCSAO's production to avoid re-deposing these individuals. Additionally, following this Court's ruling on ASA Defendants' motions to dismiss, ASA Defendants do not presently know all of the claims

4

brought against them in order to prepare for a deposition relating to such claims. ASA Defendants' counsel will continue to work with all Parties to ensure their depositions are conducted.

V. **Status of Settlement Discussions**

Plaintiffs Gecht, Kwil, and Hernandez have all issued settlement demands to Defendants, which Defendants continue to consider. Plaintiffs remain willing to engage in efforts to resolve this matter with the City and Individual Defendants.

Plaintiffs' position regarding settlement with the County Defendants, as of the date of this filing: Plaintiffs Gecht and Kwil have executed binding settlement agreements with the County Defendants. They will each file a motion within 10 days regarding that settlement.

Defendants' position, as of the date of this filing: When Plaintiffs Gecht's and Kwil's counsel was asked about the alleged settlement agreement during a conference with counsel on September 27, 2024, counsel could not confirm that a settlement agreement was signed in writing or for a set amount. ASA Defendants' counsel were not part of these alleged settlement negotiations and have not received confirmation from the County or otherwise regarding a finalized settlement agreement relating to Plaintiffs Gecht's and Kwil's claims against County Defendants.

DATED: September 30, 2024                                  Respectfully submitted,

*/s/ Meg Gould*                                            */s/ Dan Stohr*
*Counsel for Plaintiffs Gecht and Kwil*                    *Counsel for Plaintiff Hernandez*

Jon Loevy                                                  Dan Stohr
Anand Swaminathan                                          Daniel J. Stohr, Attorney
Steven Art                                                 311 N. Aberdeen
Locke E. Bowman                                            Chicago, Illinois 60607
Sean Starr                                                 312-726-1180
Annie Prossnitz                                            Dan@DanStohr.com
Meg Gould
LOEVY & LOEVY                                              Thomas Gardiner

5

311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

Jennifer Blagg
Law Office of Jennifer Blagg
1509 W. Berwyn Ave. Suite 201E
Chicago, IL 60640
jennifer@blagglaw.net

/s/ *Theresa Berousek Carney*
*Counsel for the City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Andrew J. Grill
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
tcarney@rfclaw.com

/s/ *Kelli Huntsman*
*Counsel for Defendant Cook County*

Kelli Huntsman
Cook County State's Attorney's Office – Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7379
Kelli.huntsman@cookcountysao.org

Gardiner Koch Weisberg & Wrona
121 West Wacker Dr., Suite 3600
Chicago, IL 60601
tgardiner@gkwwlaw.com

/s/ *Michael J. Czopkiewicz*
*Counsel for ASA Defendants Brendan McGuire and Michael Hood*

Michael J. Czopkiewicz
Sean Joseph O'Callaghan
O'Mara & O'Callaghan
230 W. Monroe Street
Suite 2620
Chicago, IL 60606
(312) 600-5588
Michael.C@o2lawyers.com

/s/ *Whitney Hutchinson*
*Counsel for Defendant Guevara*

Steve B. Borkan
Timothy P. Scahill
Christiane E. Murray
Whitney Hutchinson
Molly Boekeloo
Borkan & Scahill Ltd.,
20 S. Clark St. Suite 1700
Chicago, IL 60603
(312) 580-1030
whutchinson@borkanscahill.com

/s/ Allison Romelfanger
Special Assistant Corporation Counsel

6

*Counsel for Pergande, Muzupappa, Rutherford, Yanow, Rogers, and Dickinson*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Elizabeth R. Fleming
Kyle T. Christie
Mark F. Smolens
Special Assistant Corporation Counsel
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
aromelfanger@jsotoslaw.com