# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GECHT, | ) | |
| | ) | Case No. 23 CV 01742 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Lindsay C. Jenkins |
| v. | ) | Hon. Magistrate Judge Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

| | | |
|---|---|---|
| RICHARD KWIL, | ) | |
| | ) | Case No. 23 CV 04279 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Lindsay C. Jenkins |
| v. | ) | Hon. Magistrate Judge Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

| | | |
|---|---|---|
| RUBEN HERNANDEZ, | ) | |
| | ) | Case No. 23 CV 15375 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Lindsay C. Jenkins |
| v. | ) | Hon. Magistrate Judge Heather K. McShain |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' JOINT PARTIALLY UNOPPOSED**
**MOTION TO EXTEND FACT DISCOVERY**

Defendants, by their undersigned attorneys, jointly move partially unopposed for an extension of the fact discovery deadline up to and including June 30, 2025, pursuant to Federal Rule of Civil Procedure 16(b)(4), and in support state:

1.      The parties agree an extension is necessary to complete the remaining fact discovery but disagree on the amount of time necessary to complete the remaining fact discovery. Defendants now move for a three-month extension of fact discovery, until June 30, 2025, while Plaintiffs believe a 75-day extension, until June 13, 2025, is sufficient.

2.      This motion is not brought for purposes of delay, but to ensure the parties are able to fully conduct all discovery necessary for their claims and defenses. No party will suffer any prejudice because of the granting of this motion.

**Procedural Background**

3.      Plaintiffs each bring a 12-count civil rights complaint against the City of Chicago, seven individual Chicago Police Officers, Cook County, and two Assistant State's Attorneys—filed on March 21, 2023, (Compl. *Gecht* Dkt. 1), last amended on August 28, 2023 (2nd Am. Compl., *Gecht* Dkt. 95), July 5, 2023, (Compl. *Kwil* Dkt. 1) last amended on August 25, 2023 (1st Am. Compl. *Kwil* Dkt. 50), and October 23, 2023, (Compl. *Hernandez* Dkt. 1), last amended on October 15, 2024 (Corrected Am. Compl., *Hernandez* Dkt. 83)—for claims arising out of their arrest, prosecution, and conviction for the January 29, 1999, murder of Roberto Cruz.

4.      On September 14, 2023, this Court granted a motion for finding of relatedness and reassignment and consolidated Gecht and Kwil for discovery and dispositive motion practice. (*Gecht* Dkt. 109.)

5.      On December 18, 2023, this Court granted a motion for finding of relatedness and reassignment and consolidated *Gecht* and *Kwil* with *Hernandez* for discovery and dispositive motion practice. (*Gecht* Dkt. 122.)

6.      The parties thereafter spent a considerable amount of time negotiating the scope of discovery and participated in significant written discovery.

7. On October 2, 2024, this Court granted Defendants' (partially opposed) motion for an extension of the discovery deadline, setting the close of fact discovery to March 31, 2025. (Dkt. 175.)

8. To-date, the parties have completed the following discovery:

   a. The parties litigated issues surrounding the HIPAA and Confidentiality Orders (*Gecht* Dkt. 129-32, 137-40, 142, 144);

   b. The parties engaged in supplemental written discovery. The parties continued to have 37.2 conferences to narrow and/or resolve any issues regarding written discovery without Court intervention. The parties have also engaged in numerous 37.2 conferences to resolve any outstanding issues regarding Plaintiffs' disclosed Fed. R. Evid. 404(b) witnesses;

   c. The parties issued numerous subpoenas related to underlying events and Plaintiffs' claimed damages. During this time, Defendants received responses from the Cook County Department of Corrections, Cook County State's Attorney ("CCSAO"), Exoneration Project, Illinois Department of Corrections ("IDOC"), Illinois State Police, Law Office of Jennifer Blagg, Cast Products, Cook County Public Defender, DSV, Office of the State Appellate Defender, Mark Solock, UIC, UPS, the Illinois Prisoner Review Board, TIRC, United Airlines, Philip Bartolementi, Eileen Halpin, Red Cap Staffing and numerous of Plaintiffs' medical providers;

   d. The parties inspected all evidence impounded with the Cook County clerk (April 9, 2024);

e. The parties attempted to confer with the Cook County State's Attorney's Office regarding materials that are missing and/or were withheld from the Cook County State's Attorney production to the Defendant Officers' subpoena. This included clarification as to felony review folders and notes, ASA notes, Presentence Investigation Reports (relevant for sentencing of the Plaintiffs), line-up and/or photo array photographs, all of which are relevant to the underlying claims. Counsel for the Defendant Officers, Allison Romelfanger, first reached out to counsel for the CCSAO, ASA David Adelman, regarding these issues on August 20, 2024. In conferring with ASA Adelman, Ms. Romelfanger provided the HIPAA and Confidentiality Orders entered in this case on August 20 and 28, 2024. On August 28, 2024, attorney Romelfanger held a 37.2 conference with ASA Adelman via phone to discuss the issues mentioned above. At that time, ASA Adelman indicated he would consider the Defendant Officers' position and get back to the Defendant Officers. On September 19, September 24, September 30, and October 8, Ms. Romelfanger followed up with ASA Adelman regarding the CCSAO's position. On October 8, ASA Adelman represented, "Now that we have some of the bigger productions done, we will review the productions and let you know this time next week." Ms. Romelfanger again followed up on October 21, October 28, and October 30. In Ms. Romelfanger's October 30 correspondence, Ms. Romelfanger additionally inquired about missing pages in the CCSAO's production. (CCSAO's production letter indicated it was producing pages 1-2606 but the CCSAO only produced pages 1-1346.) On October 30, ASA Adelman responded that, "As you know, you colleagues and other firms have

been keeping us busy. I am off tomorrow but will take a look and try to resolve it Friday." Ms. Romelfanger followed up again with ASA Adelman on November 4, November 30, December 9, January 6, 2025 and January 30. Finally on February 4, ASA Adelman represented the disparity in the Bates-stamping from the letter versus what was produced was just a mistake in the letter, but ASA Adelman did not respond to any other inquires the Defendant Officers had raised since August of 2024. On March 13, counsel for the Defendant Officers made one last attempt to have a video conferral with ASA Adelman regarding the outstanding issues since August 2024. Finally, on March 17, ASA Adelman agreed to have a video-conference conferral with the parties on March 20. On March 20, the parties met via zoom with ASA Adelman, at which time he informed the parties for the first time that if the felony review folders were not produced, they were not in the file. He also agreed to look at the notes, PSI reports, and lineup/photo array photos and represented he would get the CCSAO's final position to the parties no later than April 3. At that time, Defendant Officers represented that if they did not get the CCSAO's response by April 3, the Defendant Officers intended to move to compel by April 4;

f. The parties participated in the inspection of the original Chicago Police Department's records related to the underlying investigative file on October 7, 2024;

g. The parties completed the out-of-state depositions of Defendants, Reynaldo Guevara (September 4, 2024), Alan Pergande (September 11, 2024), Michael Muzupappa (September 12, 2024) Robert Rutherford (October 21, 2024) and

5

      Edwin Dickinson (October 23, 2024); as well as the third-party deposition of retired Detective Thomas Weyland (September 19, 2024), Officer Velasquez (November 12, 2024), Detectives Randy Toche (December 5, 2024) and Fernando Montilla (March 11, 2025); Plaintiffs, Richard Kwil (November 6, 2024) and David Gecht (November 14, 2024); witnesses Maria Lozada (January 23, 2025), Melissa Rivera (January 27, 2025) (out of state), Marc Blesoff (February 4, 2025), Jamie Gecht (February 11, 2025), Crescencio Hernandez (March 5, 2025), Debra Kwil (March 18, 2025), Michael Solock (March 21, 2025), and Krystin (Dellaca) Rice (March 25, 2025.); and

  h.  In addition, the parties have scheduled the deposition of witnesses Rosemary Gecht to proceed on March 27, 2025, and Wilfredo Rosa to proceed on March 31, 2025.

9.    Although discovery has been moving along, the parties agree they are unable to complete all necessary fact discovery under the current deadline.

## Outstanding Discovery

10.    Specifically, the following discovery remains outstanding:

  a.  As noted above, the Defendant Officers continue to engage in 37.2 discussions with ASA Adelman with regards to records that were not produced and/or redacted from the CCSAO's production of the file related to the underlying prosecution. As noted above if the Defendant Officers do not get a response and/or cannot come to an agreement with ASA Adelman, Defendant Officers' will file a Motion to Compel CCSAO by April 4, 2025.

6

b. Defense counsel has been in negotiations with Plaintiffs regarding narrowing their over 200 Rule 26(a) 404(b) disclosures. At this time, Defendants have sent a proposed stipulation to Plaintiffs' counsel and are awaiting a response.

c. The following subpoenas also remain outstanding: Safer Foundation, Office of the State Appellate Defender (Gecht), and Plaintiff Hernandez's disclosed medical providers. The Defendant Officers have been continuing to follow up with regards to these outstanding subpoenas.

d. A witness to the police investigation, Colleen Miller, lives out of state in Alabama. Ms. Miller was personally served for her deposition by Plaintiffs back in August of 2023. Since that date, Plaintiffs have been working to coordinate the deposition of Ms. Miller. The parties agreed to proceed with Ms. Miller's deposition in person on January 21, 2025, in Alabama. However, on January 17, prior to her deposition, she notified the Plaintiffs that she intended to retain counsel and cancelled her deposition. Despite this prior representation, recently, Plaintiffs confirmed that Ms. Miller is no longer retaining counsel for her deposition and her deposition is currently confirmed to proceed on May 13, 2025, in Huntsville, Alabama.

e. Plaintiff Ruben Hernandez's deposition was previously scheduled to proceed on January 8, 2025. However, counsel for the Defendant Officers covering the deposition had a family emergency and requested to reschedule the deposition. As a result, Mr. Hernandez's deposition was rescheduled to March 3, 2025. However, Counsel for Plaintiff Hernandez notified the Parties on March 2, 2025, that the deposition needed to be rescheduled as Mr. Hernandez was ill. The first date the

7

    parties were able to agree to, to reschedule Plaintiff Hernandez's deposition was May 6, 2025.

f. The depositions of ASA Defendants Brendan McGuire and Michael Hood were previously scheduled to proceed on March 20, 2025, and March 25, 2025. On March 14, 2025, Plaintiffs' counsel requested to cancel ASA Defendants' depositions and indicated they could not proceed until issues with the CCSAO's production related to felony review folders were resolved. The parties are working on rescheduling these depositions now that the CCSAO has represented the folders were not retained in the file.

g. Defense counsel made extensive efforts to schedule the deposition of third-party witness and court reporter Annette Faklis. After trying to schedule Ms. Faklis's deposition from some time, defense counsel learned she retained counsel for the deposition through the Cook County State's Attorney's Office. On March 25, 2025, counsel for Ms. Faklis confirmed her availability to appear for her deposition on April 30.

h. Third-party witness Benjamin DeJesus is currently incarcerated at Robinson Correctional Facility. Defense Counsel had an extensive back and forth with the warden at the Correctional Facility to discuss facilitating Mr. DeJesus' deposition, as the assistant warden informed counsel that his deposition could not proceed in person. Defense Counsel last offered a solution of one attorney from all Defendants and one attorney from all Plaintiffs to appear in person and the remaining attorneys for the parties, court reporter, and videographer will appear remotely to address the security concerns raised by the assistant warden. On

      March 26, 2025, the assistant warden confirmed this proposal was acceptable and the parties are working to schedule this deposition to proceed during the week of June 9.

i. Plaintiffs' previously subpoenaed and noticed the depositions of ASAs Suth and Scrivner (now Kuban). During a February 12, 2025, conferral, the parties discussed available dates in March for scheduling the former ASAs' depositions. Counsel for Kwil and Gecht provided the proposed March dates to counsel for the former ASAs, who communicated they were likely not available on the proffered March dates. On March 14, 2025, the parties again conferred regarding available dates for scheduling the former ASA depositions. Counsel for Kwil and Gecht communicated those dates to the former ASAs' counsel. The parties are currently waiting for confirmation on dates ASA Suth and Scrivner are available for their depositions.

j. Defendants first asked for dates for Daisy Fernandez on November 12, 2024, through Plaintiff Hernandez's counsel based on his 26(a) disclosures. Defendants followed up on this request on January 3, 20, and 27, 2025, and February 3. On February 3 for the first time Defendants were informed that Ms. Fernandez would not be produced through Plaintiff Hernandez's counsel as she was refusing to cooperate. Since then, defense counsel has been attempting to contact and serve Ms. Fernandez for her deposition.

k. In addition to the above depositions, the parties have scheduled and confirmed the following third-party depositions to proceed:

    i. Phillip Bartolmenti: April 7, 2025;

      ii. Mark Solock: April 9, 2025; and

     iii. Saul Hernandez: May 27, 2025.

l. Defendants have also subpoenaed the following third-party depositions to proceed:

       i. Yvonne Hernandez: April 7, 2025;

      ii. Jorge Shapiama: April 9, 2025; and

     iii. Daisy Fernandez: May 8, 2025.

m. The parties worked to cooperatively narrow down their 26(a) disclosures. On March 18, 2025, Plaintiffs Gecht and Kwil provided a narrowed down disclosure and also disclosed a new damages witness for the first time (Joaquina Alcantar.). Defendants intend to take the deposition of this newly disclosed witness. To-date Plaintiff Ruben Hernandez has not provided the parties with his narrowed 26(a) Disclosure list. If Plaintiff Hernandez agrees to remove some of the below witnesses, some of the depositions may not need to proceed. However, Defendants cannot determine that at this time without Plaintiff Hernandez's final disclosures. In addition, the parties' investigation into some of the scene witnesses below continues. To the extent the parties can remove them from their disclosures, the parties will work amicably to continue to negotiate and narrow the scope of their disclosures.

n. Based on the Defendants' and Gecht/Kwil's narrowed 26(a) Disclosures and Plaintiff Hernandez's current disclosures, in addition to the depositions listed above, the following additional third-party depositions remain outstanding: Hugo Leon, Jennifer D'Tullio, Jorge Shapiama, ASA Carol Rogala, Jennifer Blagg, Eric

> Bisby, Season Wheatley, Robert Grossman, Sandro Lazaro, Cesar Lazaro, Lisette Gomez, Joaquina Alcantar, Jose Alatorre, Victor Guzman, Colon Mercado, Maria Cachu, Ingrid Ardon, Angel Ramirez, David Eppenstein, Josh Tepfer, Retired Police Officers Sanchez, Torres, Hancin and Rodriguez, and ISP Forensic Scientist Beth Patty.

o. The parties continue to meet and confer on the scheduling of these outstanding depositions, some of which require out-of-state travel.

## **Scheduling Concerns**

11. In addition to the above, while discovery has been pending, counsel for the City, Guevara and Defendant Officers, have all been engaged in summary judgment briefings in large *Guevara* reversed conviction cases including in *Reyes/Solache,* 18-cv- 1028 & 2312 and *Maysonet v. Guevara,* 18-cv-2342.

12. In addition to the numerous depositions listed above, there are at least seven analogous reversed conviction cases involving Defendants' and Plaintiffs' counsel proceeding along similar discovery schedules that also have numerous depositions scheduled or are being scheduled in the coming weeks and months. (1) *Hernandez v. Guevara,* 23-cv-1737; (2) *Davila v. Guevara,* 23-Cv-1739; (3) *Flores v. Guevara,* 23-CV-1736; (4) *Martinez/Kelly/Tinajero,* 23-cv-5354; (5) *Rivera v. Guevara,* 23-CV-1743; (6) *Robinson v. Guevara,* 24-CV-5954; and (7) *Rodriguez v. Guevara,* 22-CV-6141.)

   a. Specifically, defense counsel have overlapping final deadlines to get over forty depositions completed in April and May in the following matters: *Martinez/Kelly/Tinajero* (*see* 23-cv-1741, Dkt. 221) and *Juan and Rosendo Hernandez* (*see* 23-cv-1737, Dkt. 166.)

**Parties' Conferral**

13. Counsel for the Defendants, Allison Romelfanger and Christiane Murray, contacted counsel for Plaintiffs Gecht and Kwil, Meg Gould, and counsel for Plaintiff Hernandez, Clayton Mieszala, regarding the relief sought herein. Plaintiffs agree an extension is necessary, but it is Plaintiffs' position that 75-days is sufficient to complete the above-mentioned outstanding discovery.

14. However, given the large amount of discovery that remains, including overlapping deadlines in other large, reversed conviction cases, Defendants believe the parties need up to three months, up to and including June 30, 2025, to complete the outstanding discovery.

**CONCLUSION**

15. For the aforementioned reasons, Defendants respectfully request an extension of the fact discovery deadline, up to and including, June 30, 2025.

Date: March 27, 2025                                   Respectfully submitted,

/s/ Elizabeth R. Fleming                               /s/ Christine E. Murray
ELIZABETH R. FLEMING, Atty No. 6319166                 CHRISTINE E. MURRAY, Atty No. 6330186
Special Assistant Corporation Counsel                  Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*       *One of the Attorneys for Reynaldo Guevara*

James G. Sotos                                         Steven Blair Borkan
Josh M. Engquist                                       Timothy P Scahill
Jeffrey R. Kivetz                                      Emily Erin Schnidt
Allison L. Romelfanger                                 Misha Itchhaporia
Elizabeth R. Fleming                                   Graham P. Miller
Kyle T. Christie                                       Molly Boekeloo
Olivia T. Raimondi                                     Christine E. Murray
Mark F. Smolens Special Assistant                      Krystal Gonzalez
Corporation Counsel                                    Andrea Checkai
THE SOTOS LAW FIRM, P.C.                               Drew E. Wycoff
141 W. Jackson Blvd., Suite 1240A                      Borkan & Scahill, Ltd.
Chicago, IL 60604                                      20 South Clark Street, Suite 1700
Tel: (630) 735-3300                                    Chicago, IL 60603
aromelfanger@jsotoslaw.com                             (312) 580-1030
                                                       cmurray@borkanscahill.com

/s/ Kelly Krauchun                                     /s/Michael Joseph Czopkiewicz
KELLY KRAUCHUN, Atty No. 6322639                       MICHAEL J. CZOPIEWICZ, Atty. No. 6320496
Special Assistant Corporation Counsel                  *One of the Attorneys for ASA Defendants*
*One of the Attorneys for City of Chicago*

Eileen Ellen Rosen                                     Michael Joseph Czopkiewicz
Andrew Joseph Grill                                    Sean Joseph O'Callaghan
Austin Gordon Rahe                                     Michael J. Czopkiewicz
Catherine Macneil Barber                               O'Mara & O'Callaghan, LLC
Lauren M. Ferrise                                      230 W. Monroe St.
Theresa Berousek Carney                                Suite 2620
Kelly A. Krauchun                                      Chicago, IL 60606
Sabrina A. Scardamaglia                                312-600-5588
Rock, Fusco & Connelly                                 michael.c@o2lawyers.com
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
kkrauchun@rfclaw.com

13

**ATTORNEY CERTIFICATION**

I, Allison L. Romelfanger, an attorney, hereby certify that on February 12, 2025, the parties met via videoconferencing to discuss, among other items, the requested fact discovery extension. The parties agreed that an extension was necessary, but did not agree on the amount of time needed. The parties then conferred via multiple electronic correspondence to see if an agreement could be reached on the amount of time to request for the discovery extension. Ultimately, Plaintiffs indicated they would agree to a 75-day extension. Defendants responded that they believed 90-days was necessary, among other reasons, because at least two other *Guevara* cases, as noted above, had final discovery extensions requiring over fifty depositions to be completed in the months of April and May. (There are a combined over forty depositions alone in the *Martinez* and *Hernandez* matters, not considering the number of depositions to be completed in this case.) At that time, Plaintiffs indicated that they wished their position that they believed 75-days to be sufficient to be included in Defendants' motion, which Defendants included herein. (*Supra* at ¶ 12.) As the parties could not come to an agreement on the amount of time needed to complete fact discovery, Defendants filed this motion as partially unopposed.

/s/ Allison L. Romelfanger

## CERTIFICATE OF SERVICE

I, Elizabeth R. Fleming, certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Thursday, March 27, 2025**, I electronically filed the foregoing **Defendants' Joint Partially Unopposed Motion to Extend Fact Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff Gecht:***
Jonathan I. Loevy
Locke E. Bowman, III
Annie D. Prossnitz
Arthur R. Loevy
Sean Starr
Steven E. Art
Anand Swaminathan
Margaret Gould
Justin Hill
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
locke@loevy.com
prossnitz@loevy.com
arthur@loevy.com
sean@loevy.com
anand@loevy.com
gould@loevy.com
hill@loevy.com

Jennifer Blagg
Blagg Law
1309 West Berwyn Ave., Suite 201E
Chicago, IL 60640
(773) 859-0081
jennifer@blagglaw.net

***Attorneys for Plaintiff Kwil:***
Jonathan I. Loevy
Annie Davey Prossnitz
Locke E. Bowman
Sean Starr
Steven Edwards Art

Anand Swaminathan
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
prossnitz@loevy.com
locke@loevy.com
sean@loevy.com
steve@loevy.com
anand@loevy.com

Jennifer Blagg
Blagg Law
1309 West Berwyn Ave., Suite 201E
Chicago, IL 60640
(773) 859-0081
jennifer@blagglaw.net

***Attorneys for Plaintiff Hernandez:***
Daniel J. Stohr
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
(312) 726-1180
Fax: Active
Dan@DanStohr.com

Thomas G. Gardiner
Clayton A. Mieszala
John Wrona
Gardiner Koch Weisberg & Wrona
121 W. Wacker Dr., Suite 3600
Chicago, IL 60601
312-362-0000262-362-0440

15

tgardiner@gkwwlaw.com
cmieszala@gkwwlaw.com
jwrona@gkwwlaw.com

### *Attorneys for Defendant City:*
Eileen Ellen Rosen
Andrew Joseph Grill
Austin Gordon Rahe
Catherine Macneil Barber
Lauren M. Ferrise
Theresa Berousek Carney
Kelly A. Krauchun
Sabrina A. Scardamaglia
Rock, Fusco & Connelly
333 West Wacker Drive
Ste 19th Floor
Chicago, IL 60606
312-494-1000
erosen@rfclaw.com
agrill@rfclaw.com
arahe@rfclaw.com
cbarber@rfclaw.com
lferrise@rfclaw.com
tcarney@rfclaw.com
kkrauchun@rfclaw.com
sscardamaglia@rfclaw.com

### *Attorneys for Defendant Guevara:*
Steven Blair Borkan
Timothy P Scahill
Emily Erin Schnidt
Misha Itchhaporia
Graham P. Miller
Molly Boekeloo
Christine E. Murray
Krystal Gonzalez
Andrea Checkai
Drew E. Wycoff
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
eschnidt@borkanscahill.com
gmiller@borkanscahill.com
mitchhaporia@borkanscahill.com
mboekeloo@borkanscahill.com
whutchinson@borkanscahill.com
cmurray@borkanscahill.com
kgonzalez@borkenscahill.com
acheckai@borkanscahill.com
dwcoff@borkanscahill.com

### *Attorneys for Cook County Defendants:*
Kelli Huntsman
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
312-603-3151
kelli.huntsman@cookcountysao.org

### *Attorneys for Defendants*
### *Brendan Maguire and Michael Hood:*
Michael Joseph Czopkiewicz
Sean Joseph O'Callaghan
O'Mara & O'Callaghan, LLC
230 W. Monroe St.
Suite 2620
Chicago, IL 60606
312-600-5588
michael.c@o2lawyers.com
sean.ocallaghan@O2lawyers.com

/s/ Elizabeth R. Fleming
Elizabeth R. Fleming