**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| DAVID GECHT, | ) | |
| | ) | Case No. 23-cv-01742 |
| Plaintiff, | ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) | United States District Judge |
| | ) | Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

| | ) | |
|---|---|---|
| RICHARD KWIL, | ) | |
| | ) | Case No. 23-cv-04279 |
| Plaintiff, | ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) | United States District Judge |
| | ) | Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

| | ) | |
|---|---|---|
| RUBEN HERNANDEZ, | ) | |
| | ) | Case No. 23-cv-15375 |
| *Plaintiff*, | ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) | United States District Judge |
| | ) | Magistrate Hon. Heather K. McShain |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

The Parties, by their respective undersigned counsel, and pursuant to this Court's April 7, 2025 Minute Entry (Dkt. 216),[1] respectfully submit the following Joint Status Report for the three above-captioned consolidated cases:

I. **Discovery Schedule**

Fact discovery is currently to be completed by June 13, 2025. Dkt. 216.

II. **Written Discovery**

(1) **Outstanding Written Responses:** Plaintiff Hernandez's responses to Officers' Requests for Production (issued on February 9, 2024) remain outstanding. Defendant Officers last requested an update on May 30, 2025, and noted the Defendant Officers needed to file a motion if responses were not going to be timely received. As of the date of this status report, Defendant Officers have not received an updated time frame on when to expect these outstanding responses.

(2) **Privilege Review and Clawback:** Following a conferral during Plaintiff Hernandez's May 6 deposition (described below), Plaintiff Hernandez requested time to conduct a supplemental privilege review of documents produced from subpoenaed entities: the Exoneration Project (originally produced with a privilege log on November 30, 2023) and Jennifer Blagg (originally produced with a privilege log on February 16, 2024). Plaintiff Hernandez produced new privilege logs on May 21 and May 23 for documents he was seeking to claw back from the two productions. The parties held multiple 37.2 videoconferences on May 23 and May 30, and requested Plaintiff Hernandez to amend his privilege logs to include all required information (custodian, author, date, etc.) so the Defendants could

---

[1] Unless otherwise stated, the Parties will use the docket entries in the above-referenced *Gecht* matter.

1

properly analyze the propriety of the claimed privilege and meaningfully confer regarding the documents he was seeking to claw back. To- date Plaintiff Hernandez's updated privilege log remains outstanding. The Parties will confer on June 4 for a final time.

**(3) ESI Protocol:** The Parties continue to confer about an ESI Protocol, which is being discussed across multiple cases, with the most recent discussion occurring on May 8, 2025. Conferrals are ongoing and no such Protocol is currently in place.

**(4) Subpoena Responses:** On September 27, 2023, Defendant Officers served a subpoena on the Law Office of Jennifer Blagg, to which she responded and provided a privilege log. On March 31, 2025, Defendant Guevara served a second subpoena on the Law Office of Jennifer Blagg. The Parties conferred about the content of the subpoena, and Ms. Blagg responded to the subpoena as modified on May 2, 2025. The Parties did have a conferral on June 2, 2025 and are continuing to confer as to her responses and her September 27, 2023, privilege log.

### III. Oral Discovery

- Since the depositions noted in the last JSR, Dkt. 210, the Parties have taken the depositions of Michael Hood[2] and third parties Philip Bartolomenti, Rosemary Gecht, Mark Solock, Annette Faklis Moriarity, former ASAs Anne (Scrivner) Kuban and Brian Suth, Jorge Shapiama, and Wilfredo Rosa.

- The following depositions have been scheduled:

| Role | Deponent | Dates |
|---|---|---|
| Third Party | **Benjamin DeJesus** | 6/5/2025 |
| Third Party | **Joaquina Alcantar** | 6/11/2025 |

---

[2] Michael Hood, Brendan McGuire, and Cook County are now only defendants in the *Hernandez* matter. *See Gecht*, Dkt. 219; *Kwil*, Dkt. 131.

| | | |
|---|---|---|
| Third Party | **Calvin Collier** | 6/11/2025 |
| City of Chicago 30(b)(6) | **Kevin Bruno** | 6/17 or 6/18 |
| Third Party | **Saul Hernandez** | 6/20/2025 |
| Third Party | **Jennifer Blagg** | 6/25/2025 |
| Defendant/Third Party | **Brendan McGuire** | 7/9/2025 |

- On May 13, 2025, the Parties conducted the out of state deposition of Colleen Miller[3] for four hours and 14 minutes. Ms. Miller testified during her deposition that she had time constraints that limited her ability to sit for seven hours of testimony. The Parties agreed that there was a dispute as to whether Ms. Miller should be brought back to continue the deposition, and Defendants made clear their intention to continue the deposition. The Parties have not conferred on the matter but anticipate doing so.

- On May 6, 2025, the Parties began the deposition of Plaintiff Ruben Hernandez. When Officers' counsel presented some exhibits to Plaintiff Hernandez during the deposition, Mr. Hernandez's counsel requested several breaks to confer on the documents, and ultimately requested that the deposition be continued so counsel could perform a supplemental privilege review of documents produced by the Exoneration Project and the Law Office of Jennifer Blagg. The Parties agreed to pause the deposition and continue it after the resolution of those issues. Defendants anticipate filing a motion regarding these privilege issues if a compromise cannot be reached. Plaintiff Hernandez's deposition was continued until after resolution of this issue.

- Defendants have requested dates to schedule the deposition of Daisy Fernandez.[4]

---

[3] Ms. Miller is a central witness who provided a handwritten statement implicating Plaintiff Gecht in the murder, and has since stated that she gave a false handwritten statement implicating Mr. Gecht because she was threatened by police.

[4] Defendants anticipate having to file a motion for leave to serve via certified mail as they believe Daisy Fernandez is evading service.

3

- On April 29, 2025, Plaintiff noticed the depositions of third party officers Sanchez, Torres, and Rodriguez. The Parties scheduled those depositions for June 3 and June 10. Counsel for the City told Plaintiffs counsel on Thursday, May 29 that, due to defense counsel's scheduling restrictions and conflicts for the third party officers, the depositions were cancelled and would need to be rescheduled. In conjunction with that email, counsel offered another date for Mr. Rodriguez. Plaintiffs' counsel was unavailable for the one proposed date for Mr. Rodriguez. Defense counsel states that proposed dates are forthcoming, as it has been less than 3 business days since the depositions were cancelled, and counsel is working to confer with the third party-officers regarding their availability. To date, no new dates have been proposed for Mr. Sanchez and Torres, and no additional date has been proposed for Mr. Rodriguez.

- On October 16, 2024, Plaintiff noticed the deposition of third-party officer Kischner, which was scheduled for the afternoon of December 3, 2024. Counsel for the City cancelled the deposition the morning of the scheduled deposition, citing a medical injury[5] for the deponent. Plaintiff has followed up repeatedly since then, most recently on April 30, 2025. The City has not provided a new date for his deposition.

- Plaintiff has asked for dates for third party officer Hancin, most recently on April 30, 2025, and has not received any date from the City with Officer Hancin's availability.

- On May 29, 2025, Plaintiffs Gecht and Kwil proposed dates of availability for outstanding depositions in June and July. After defense counsel conferred on availability, on May 30 defense counsel provided dates of their availability for remaining depositions in July.

---

[5] To the extent this Court needs additional information regarding the extent of this third-party officer's medical issues, the City will be happy to provide it, but is hesitant to put any medical information in a publicly filed Joint Status Report.

4

Defense counsel stated that the June dates proposed by Plaintiffs conflicted with dates in other *Guevara* litigation. Plaintiffs are reviewing those dates.

IV. **Anticipated Motion for Extension of Discovery**

The Parties agree that a 60-day extension is warranted, but the Parties disagree about the terms of the extension. The Parties expect to file a motion for extension by the end of this week.

V. **Status of Settlement Discussions**

Plaintiff Hernandez and County Defendants continue to engage in settlement discussions. Plaintiffs Gecht, Kwil, and Hernandez have all issued settlement demands to the remaining Defendants. If the City Defendants indicate a willingness to discuss settlement, Plaintiffs will send an updated demand that reflects the passage of time and expenditure of time and money. Plaintiffs have received no indication from the City Defendants that they are willing to discuss settlement at this time.

DATED: June 2, 2025

/s/ *Meg Gould*
*Counsel for Plaintiffs Gecht and Kwil*

Jon Loevy
Anand Swaminathan
Steven Art
Locke E. Bowman
Sean Starr
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
gould@loevy.com

Jennifer Blagg
Law Office of Jennifer Blagg
1509 W. Berwyn Ave. Suite 201E
Chicago, IL 60640

Respectfully submitted,

/s/ *Clayton Mieszala*
*Counsel for Plaintiff Hernandez*

Dan Stohr
Daniel J. Stohr, Attorney
311 N. Aberdeen
Chicago, Illinois 60607
312-726-1180
Dan@DanStohr.com

Thomas Gardiner
Clayton Mieszala
Gardiner Koch Weisberg & Wrona
121 West Wacker Dr., Suite 3600
Chicago, IL 60601
tgardiner@gkwwlaw.com

5

jennifer@blagglaw.net

/s/ *Theresa B. Carney*
*Counsel for the City of Chicago*
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Lauren Ferrise
Jessica Zehner
Andrew J. Grill
Special Assistant Corporation Counsel
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000
erosen@rfclaw.com

/s/ *Michael J. Czopkiewicz*
*Counsel for ASA Defendants Brendan McGuire and Michael Hood*
Michael J. Czopkiewicz
Sean Joseph O'Callaghan
O'Mara & O'Callaghan
230 W. Monroe Street
Suite 2620
Chicago, IL 60606
(312) 600-5588
Michael.C@o2lawyers.com

/s/ *Kelli Huntsman*
*Counsel for Defendant Cook County*
Kelli Huntsman
Cook County State's Attorney's Office – Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-7379
Kelli.huntsman@cookcountysao.org

/s/ *Christiane E. Murray*
*Counsel for Defendant Guevara*
Steve B. Borkan
Timothy P. Scahill
Christiane E. Murray
Whitney Hutchinson
Molly Boekeloo
Borkan & Scahill Ltd.,
20 S. Clark St. Suite 1700
Chicago, IL 60603
(312) 580-1030
mitchhaporia@borkanscahill.com

/s/ *Allison Romelfanger*
Special Assistant Corporation Counsel
*Counsel for Pergande, Muzupappa, Rutherford, and Dickinson*
James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Elizabeth R. Fleming
Kyle T. Christie
Mark F. Smolens
Special Assistant Corporation Counsel
**THE SOTOS LAW FIRM, P.C.**

6

                                                 141 W. Jackson Blvd., Suite 1240A
                                                 Chicago, IL 60604
                                                 Tel: (630) 735-3300
                                                 jengquist@jsotoslaw.com